UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAYMOND CALIHAN,

    Plaintiff,

  v.

P. SANTIAGO,

    Defendant.

Case No. 15-cv-05597-YGR (PR)

**ORDER OF DISMISSAL WITH PREJUDICE**

## I. INTRODUCTION

On December 8, 2015, Plaintiff, who is currently incarcerated at the California Training Facility ("CTF"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against CTF Captain P. Santiago stemming from alleged constitutional violations at CTF. Dkt. 1. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") will be granted in a separate written Order.

Venue is proper in this district as Defendant resides, and a substantial part of the events giving rise to the action occurred at CTF, which is located in this district. 28 U.S.C. § 1391(b).

## II. BACKGROUND

Plaintiff alleges that he arrived at CTF on April 24, 2014. Dkt. 1 at 3. He claims that he was previously housed at Tehachapi State Prison, where he was classified as a "Level One – Custody Level Minimum A." *Id.*

Plaintiff claims that on May 5, 2015, Defendant Santiago "raised Plaintiff[']s custody level 2-levels to Medium-A, in violation of the mandated classifications policies-procedures, as the defendant abused his duties and violated numerous policies-procedures, and defendant committed (fraud)." *Id.* Plaintiff claims that he filed inmate appeals, and "only after [he] filed appeals did the defendant reverse his fraud . . . by correcting the fraud on 6-30-15." *Id.* Plaintiff added that "[D]efendant committed fraud by stating Plaintiff had P-codes for Medical – Mental Health which was not correct (Exhibit A)." *Id.*

Plaintiff seeks injunctive relief, punitive and monetary damages. *Id.* Plaintiff has also filed a motion for a preliminary injunction. Dkt. 5.

### III. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

Plaintiff alleges that Defendant denied him a lower custody classification by incorrectly noting in his prison records that he "had P-codes for Medical – Mental Health." *Id.* It is unclear what that notation means; however, such clarification is not necessary. Attached to the complaint are two documents entitled, "Classification Committee Chrono," which indicate that on May 5, 2015 and June 30, 2015, Plaintiff attended classification hearings and Defendant Santiago was the chairperson at both hearings. Dkt. 1-1 at 3-6. Though not entirely clear, it appears that Plaintiff is arguing that the denial of lower custody classification on May 5, 2015 resulted from alleged "fraud" which led to inaccuracy of his records and thus violated his right to due process. Dkt. 1 at 3.

In California, a claim for fraud must plead allegations of (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) damages resulting from the reliance. *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997). Fraud must be pled specifically; general and conclusory allegations are not sufficient. *Stansfield v. Stark*, 220 Cal. App. 3d 59, 74 (1990); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989).

Here, Plaintiff has not stated a claim for fraud. Under *Twombly*, Plaintiff must allege facts

that "raise a right to relief above a speculative level." 550 U.S. at 56. Under *Stansfield*, fraud allegations must be plead specifically. 220 Cal. App. 3d at 59. As to the three elements of a fraud claim, Plaintiff alleges nothing more than speculation that Defendant had an intent to defraud. It is equally plausible that Defendant's error may have arisen from negligence, such as inattention, sloppiness, or a computer error. Because both allegations are equally plausible according to Plaintiff's factual allegations, he fails to "show more than a sheer possibility" that Defendant has acted unlawfully." *Iqbal*, 129 U.S. at 1949. Accordingly, Plaintiff's claim of fraud is DISMISSED.

Moreover, the inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a claim of constitutional injury under the due process clause of the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 711-714 (1976); *see also Reyes v. Supervisor of DEA*, et al., 834 F.2d 1093, 1097 (1st Cir. 1987) (no claim presented where inmate failed to allege false information maintained by police department relied upon to deprive him of constitutionally protected interest); *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files not state constitutional claim). In certain limited circumstances, however, a claim of constitutional magnitude may be raised where a prisoner alleges 1) that information is in his file, 2) that the information is false, and 3) that it is relied on to a constitutionally significant degree. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir.), *cert. denied*, 444 U.S. 925 (1979); *cf. Hernandez v. Johnston*, 833 F.2d 316, 1319 (9th Cir. 1987) (Ninth Circuit refusing to reach whether "in proper case" there may be constitutional right grounded in due process clause to accurate prison records). If the information is relied upon to deny parole or statutory good-time credits, or to revoke probation or parole, the inmate's conditional liberty interest is at stake and the due process clause is called into play. *Paine*, 595 F.2d at 202. An adverse decision in such matters as transfer or status classification may also have collateral consequences touching on the liberty interest. *Id.* An administrative decision regarding such purely internal matters as work assignments, however, cannot be said to reasonably affect a liberty interest. *Id.* Further, if the error is merely technical, no claim for relief will lie. *Id.* Federal jurisdiction will exist over such a claim only if the prisoner has first made a request for expunction

3

to prison officials which has been denied. *Id.*

While plaintiff maintains that inaccurate prison records have led to his classification in a higher custody level than is warranted, he has not stated facts which support a conclusion that such classification has a direct effect on his release or parole date or other liberty interest. Without such allegations, no cognizable claim is presented. In any event, Plaintiff alleges that Defendant corrected the error on June 30, 2015. Dkt. 1 at 3.

Accordingly, Plaintiff's due process claim is therefore DISMISSED, and the complaint is DISMISSED for failure to state a claim for relief.

## V. PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction in which he requests that "[Defendant] and each of their officers, agents, employers, and all persons acting in concert and participating with them, are retrained from hearing any of [Plaintiff's] classification committee actions – UCC/ICC, or related hearings." Dkt. 5 at 1. This motion is DENIED as moot as the Court has dismissed the complaint.

## VI. CONCLUSION

For the reasons outlined above, this action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate as moot all pending motions, including Plaintiff's motion for preliminary injunction, and close the file.

This Order terminates Docket No. 5.

IT IS SO ORDERED.

Dated: May 4, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge